RECEIVED
IN MONROE, LA

JUL 12 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 09-000133 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DANIEL ESTES CROOK | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion in Limine [Doc. No. 44] filed by the Government. The Government moves the Court to exclude from evidence two letters prepared by Assistant United States Attorney Martha Levardsen ("Levardsen") in 2003 and 2004. Defendant Daniel Estes Crook ("Crook") opposes the Government's Motion. [Doc. No. 45]. For the following reasons, the Motion in Limine is GRANTED.

This case arises from the participation of Crook in rice farming activities in Richland Parish, Louisiana, with Crook Farms Partnership and Crook Planting Company. In 1998, after a drought, farmers could apply to the Government for assistance through a crop loss disaster assistance program and could also apply for emergency loans to continue farming.

In April 1999, Crook Farms Partnership and Crook Planting Company, applied for disaster benefits and an emergency loan. The Government alleges that Crook made false statements to the Farm Service Agency ("FSA") underreporting rice production in order to obtain disaster relief and an emergency loan and that he converted property mortgaged as collateral for the emergency loan.

1

After an investigation into Crook's alleged conduct, on October 10, 2003, Levardsen contacted Crook by letter in which she asserted that he had committed violations of 18 U.S.C. § 1001 and offered him the opportunity to plead guilty to a bill of information. Crook did not accept Levardsen's offer, but, on February 10, 2004, he signed a Waiver of Statute of Limitations, agreeing to waive the statute of limitations set to run on March 15 and April 8, 2004, while the Government continued to investigate him. Crook and his then-counsel, Thomas Davenport ("Davenport"), also met with Levardsen on April 6, 2004. After that meeting and further investigation, in a May 3, 2004 letter to Davenport, Levardsen stated that "the Government would be unable to prove its case against [Crook] beyond a reasonable doubt" and, thus, the Government was declining prosecution.

However, then-United States Attorney Donald Washington had concerns that Levardsen improperly declined prosecution, and, in a March 23, 2006 letter, Assistant United States Attorney Mignonne Griffing notified Davenport that the Government had re-opened the case to investigate Crook's possible violations of 18 U.S.C. §§ 1014 and 1001.

On June 25, 2009, the grand jury issued an Indictment against Crook, charging him with two counts of making a false statement to a federal agent (Counts 1 & 2), in violation of 18 U.S.C. § 1014, and six counts of conversion of federal property, in violation of 18 U.S.C. § 658. Specifically, Crook is accused of making false material statements or reports "for the purpose of influencing the action of the Secretary of Agriculture, acting through the [FSA], the successor to the Farmers Home Administration," and of converting property mortgaged to the United States Secretary of Agriculture. [Doc. No. 1].

Trial is currently set for July 12, 2010. Crook has identified the two letters from

2

Levardsen as exhibits (1026-001 and 1026-002 (the target letter) and 1027-001 (the declination letter)). The Government contends that these letters are not relevant and should not be admitted or discussed.

Crook contends that the letters are relevant because the Department of Justice engaged in fact-finding and declined to prosecute, and these are the same witnesses and information that Levardsen had at the time of the original investigation. Crook also details why the letters are admissible under the Federal Rules of Evidence.

Pursuant to Federal Rule of Evidence 401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence which is not relevant is not admissible." FED. R. EVID. 402. Finally, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

In this case, the Levardsen letters simply are not relevant. While it is the province of the United States Attorney's Office to determine whether it will seek an indictment, it is the province of the jury to determine whether or not the evidence is sufficient to convict a defendant of the charges in an indictment once obtained. Even if the letters were of some marginal relevance, their admission would result in confusion of the issues and would mislead the jury.

The Government's Motion in Limine is GRANTED, and the letters are excluded from evidence.

MONROE, LOUISIANA, this the \_\_\_12\_\_\_ day of July, 2010.

> ROBERT G. JAMES
> UNITED STATES DISTRICT JUDGE