RECEIVED
IN MONROE, LA

JUL 1 6 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

UNITED STATES OF AMERICA      CR. ACTION NO. 09-000133

VERSUS      JUDGE ROBERT G. JAMES

DANIEL ESTES CROOK      MAG. JUDGE KAREN L. HAYES

### RULING

Pending before the Court is a Motion in Limine to Exclude Expert Testimony [Doc. No. 57] filed by the Government. The Government moves the Court to exclude the testimony of Defendant Daniel Estes Crook's ("Crook") expert, Gary Brannon ("Brannon").[1]  Crook has orally opposed the Government's Motion in an in-Chambers conference.

In Counts 3-8 of the Indictment, the Government alleges that Crook committed six violations of 18 U.S.C. § 658 by converting property mortgaged to the United States Secretary of Agriculture, through the FSA. [Doc. No. 1]. Specifically, the Government contends that Crook traded or sold equipment without the permission or authorization of the FSA and that he did not remit the proceeds from the sales to the FSA, which had a first lien on the equipment. All of the money from the sale of the mortgaged equipment was provided to the bank, which had a second lien. Crooks contends that he did not knowingly dispose of or convert the equipment with the intent to defraud the FSA. Rather, he contends that he gave the proceeds to the bank, which he believed would pay FSA.

---

[1]The Government's motion refers to "William G. Bowman," but the parties agree that William Gary Brannon is the expert's actual name.

1

The trial in this matter began on July 12, 2010. On the second day of the trial, July 13, 2010, Crook's counsel's notified the Court that he was ill, but that he would attempt to try the case that day. The parties did try the case in the morning. At some point, Crook's counsel noted that his expert, Brannon, was in the courtroom and that he would like exempted from the rule of sequestration. At that time, the Government objected that it had not been provided notice that Crook intended to call an expert and that it would oppose his testifying. Later in the morning, it became clear that Crook's counsel was so ill that he would not be able to continue. Prior to recessing for the day, the Court asked that Crook's counsel provide the Government with a summary of Brannon's testimony that day, if possible.

The following morning, July 14, 2010, the Court was notified that Crook's counsel was still so ill that he could not try the case. Court was cancelled for that day.

On July 15, 2010, trial resumed. However, Crook's counsel did not provide the summary of Brannon's testimony to the Government until this morning, July 16th.

In support of his defense, Crook intends to offer testimony from Brannon, a banker with some experience working for the Farmers Home Administration. It is anticipated that Brannon will testify that about the documents executed in connection with the emergency loans, the UCC filings by the bank and the FSA, and the effect of those filings. Brannon will testify that, in his opinion, the bank initially had a first lien on the equipment, but that it became the second lienholder after FSA once the partial assignments were executed. He will further testify that the bank was obligated to forward the funds received from Crook from the sale of equipment to FSA. In this context, he will explain how these type of transactions normally occur and the obligations of the parties. Finally, Brannon will testify that, in his opinion, until the debtor receives actual

2

notice of the partial assignment, he is within his rights to pay the assignor.

The parties have raised two issues before the Court: (1) that Defendant failed to timely

provide a summary of Brannon's testimony and the bases for that testimony as required by

Federal Rule of Criminal Procedure 16(b)(1)(C) and (2) whether at least portions of Brannon's

testimony are otherwise inadmissible under the Federal Rules of Evidence.[2]

Rule 16(b)(1)(C) provides in pertinent part:

> The defendant must, at the government's request, give to the government a written
> summary of any testimony that the defendant intends to use under Rules 702, 703,
> or 705 of the Federal Rules of Evidence as evidence at trial, if--
>
> (i)    the defendant requests disclosure under subdivision (a)(1)(G) and the
>        government complies . . .
>
> This summary must describe the witness's opinions, the bases and reasons for
> those opinions, and the witness's qualifications.

If a defendant fails to comply with Rule 16(b)(1)(C), the Court is authorized by the Rule to take

the following actions:

- (A)    order that party to permit the discovery or inspection; specify its time,
         place, and manner; and prescribe other just terms and conditions;

- (B)    grant a continuance;

- (C)    prohibit that party from introducing the undisclosed evidence; or

- (D)    enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

In this case, counsel had disclosed Brannon's name and provided his resume to AUSA

---

[2]The Government argued only the untimeliness of the disclosure in its written motion, but
in Chambers also argued to the Court that the substance of Brannon's testimony was
inadmissible.

Robin McCoy prior to trial. Counsel was aware of Rule 16(b)(1)(C), but was not aware that the Government's reciprocal discovery request at Crook's July 9, 2009 arraignment was sufficient to constitute a Government request for any expert report. While the Court does not believe that counsel intentionally failed to comply with Rule 16(b)(1)(C), his letter summarizing Brannon's testimony was untimely provided four days into trial. The Government contends that, if Brannon is allowed to testify, it would need to retain its own expert, an impossibility at this late date.

Under these circumstances, the Court finds that the prejudice to the Government is too great to allow Brannon to testify and that a continuance or other remedy is inappropriate given the time already invested by counsel, the Court, and the jury. Accordingly, the Court believes that the only appropriate remedy is the exclusion of Brannon's testimony. *See United States v. Whitfield*, 590 F.3d 325, 362 (5th Cir. 2009).

Given the Court's conclusion, it need not address the admissibility of Brannon's testimony. However, the Court will note that it has serious reservations whether it would permit Brannon to testify, even if the Government had been given a timely summary. The Court would certainly exclude any testimony regarding the law on the effect of the filing of the partial assignments and the obligations of the bank, and it is not clear that Brannon's remaining testimony is relevant or that it could not be addressed by other witnesses.

For the foregoing reasons, the Government's Motion in Limine to Exclude Expert

4

Testimony [Doc. No. 57] is GRANTED, and Brannon will not be permitted to testify.

MONROE, LOUISIANA, this 16th day of July, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE